IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK, N.A. a Delaware corporation and national banking association,   ) ) ) | |
| Plaintiff,   ) ) | Case Number: 08 CV 1822 |
| -vs.-   ) ) | Judge Kennelly |
| C.A.R. LEASING, INCORPORATED, an Illinois corporation, SONNY FOX, an Illinois citizen, and MARC ZARANSKY, an Illinois citizen,   ) ) ) ) ) | Magistrate Judge Mason |
| Defendants.   ) | |

**DEFENDANT MARC ZARANSKY'S**
**ANSWER TO THE PLAINTIFF'S AMENDED COMPLAINT**

**NOW COMES** the Defendant, **MARC ZARANSKY** (hereinafter referred to as "Zaransky"), by and through his attorneys, PERL & GOODSNYDER, LTD., and as and for his Answer to the Amended Complaint brought by the Plaintiff, **U.S. BANK, N.A., a Delaware corporation and national banking association** (hereinafter referred to as "Plaintiff"), Zaransky states as follows:

**COUNT I**
**(RESCISSION - AGAINST CLI)**

The allegations contained in Count I of Plaintiff's Amended Complaint are directed at Defendant, **C.A.R. LEASING, INCORPORATED, an Illinois corporation,** and not against Zaransky, and therefore, no response is required of Zaransky as to the allegations contained in Count I. However, answering further, if it is later determined that a response by Zaransky is required as to Count I of Plaintiff's Amended Complaint, Zaransky expressly reserves his right to respond seasonably upon such a finding or order of court.

## COUNT II (ALTERNATIVE TO COUNT I)
## (BREACH OF CONTRACT - AGAINST CLI)

The allegations contained in Count II of Plaintiff's Amended Complaint are directed at Defendant, **C.A.R. LEASING, INCORPORATED, an Illinois corporation,** and not against Zaransky, and therefore, no response is required of Zaransky as to the allegations contained in Count II. However, answering further, if it is later determined that a response by Zaransky is required as to Count II of Plaintiff's Amended Complaint, Zaransky expressly reserves his right to respond seasonably upon such a finding or order of court.

## COUNT III
## (ENFORCEMENT OF GUARANTY - AGAINST FOX)

The allegations contained in Count III of Plaintiff's Amended Complaint are directed at Defendant, **Sonny Fox,** and not against Zaransky, and therefore, no response is required of Zaransky as to the allegations contained in Count III. However, answering further, if it is later determined that a response by Zaransky is required as to Count III of Plaintiff's Amended Complaint, Zaransky expressly reserves his right to respond seasonably upon such a finding or order of court.

## COUNT IV
## (FRAUDULENT INDUCEMENT - AGAINST ALL DEFENDANTS)

1. Zaransky denies the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

3.  Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

4.  Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

5.  Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

6.  Zaransky admits the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.  Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

8.  Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

9.  Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

10. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

11. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

12. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

13. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

14. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

15. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

16. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

17. Zaransky denies the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. Zaransky admits the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19. Zaransky denies the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20. Zaransky denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21. Zaransky denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22. Zaransky denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23. Zaransky denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

25. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

26. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

27. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

28. Paragraphs 28-47 of Plaintiff's Amended Complaint are not directed to Zaransky, and therefore, no answer to said allegations is required of Zaransky. However, answering further, if it is later determined that a response by Zaransky is required as to paragraphs 28-47 of Plaintiff's Amended Complaint, Zaransky expressly reserves his right to respond seasonably upon such a finding or order of court.

48. Zaransky denies the allegations contained in paragraph 48 of Plaintiff's Amended Complaint.

49. Zaransky denies the allegations contained in paragraph 49 of Plaintiff's Amended Complaint.

50. Zaransky denies the allegations contained in paragraph 50 of Plaintiff's Amended Complaint.

51. Zaransky denies the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.

Page -6-

52. Zaransky denies the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.

53. Zaransky denies the allegations contained in paragraph 53 of Plaintiff's Amended Complaint.

54. The allegations contained in paragraph 54 of Plaintiff's Amended Complaint constitute a legal conclusions to which no response is properly required. Answering further, to the extent it is later determined that such allegations require a response, Zaransky denies the allegations contained in paragraph 54 of Plaintiff's Amended Complaint.

55. The allegations contained in paragraph 55 of Plaintiff's Amended Complaint constitute a legal conclusions to which no response is properly required. Answering further, to the extent it is later determined that such allegations require a response, Zaransky denies the allegations contained in paragraph 55 of Plaintiff's Amended Complaint.

56. Zaransky denies the allegations contained in paragraph 56 of Plaintiff's Amended Complaint.

**WHEREFORE,** the Defendant, **MARK ZARANSKY** (heretofore referred to as "Zaransky"), respectfully requests that this Honorable Court deny Plaintiff, **U.S. BANK, N.A.'s** (heretofore referred to as "Plaintiff"), request for judgment in favor its favor for all alleged damages, as well as, its costs, attorneys' fees and for such further and/or alternative relief as this Court deems fair, just and necessary, and enter judgment in favor of Zaransky as to Count IV, and for such further, alternative and/or additional relief as this Honorable Court deems fair, just and reasonable.

## COUNT V

### (FRAUDULENT CONCEALMENT - AGAINST ALL DEFENDANTS)

57. Zaransky incorporates by references his answers to the allegations contained in Paragraphs 1 through 27 and 47 through 56 of Plaintiff's Amended Complaint as his answers to the allegations contained in paragraph 57 of Count V, as though fully restated in their entirety herein.

58. Zaransky denies the allegations contained in paragraph 58 of Plaintiff's Amended Complaint.

59. Zaransky denies the allegations contained in paragraph 59 of Plaintiff's Amended Complaint.

60. Zaransky denies the allegations contained in paragraph 60 of Plaintiff's Amended Complaint.

61. Zaransky denies the allegations contained in paragraph 61 of Plaintiff's Amended Complaint.

62. Zaransky denies the allegations contained in paragraph 62 of Plaintiff's Amended Complaint.

63. Zaransky denies the allegations contained in paragraph 63 of Plaintiff's Amended Complaint.

64. The allegations contained in paragraph 64 of Plaintiff's Amended Complaint constitute a legal conclusions to which no response is properly required. Answering further, to the extent it is later determined that such allegations require a response, Zaransky denies the allegations contained in paragraph 64 of Plaintiff's Amended Complaint.

65. The allegations contained in paragraph 65 of Plaintiff's Amended Complaint constitute a legal conclusions to which no response is properly required. Answering further, to the extent it is later determined that such allegations require a response, Zaransky denies the allegations contained in paragraph 65 of Plaintiff's Amended Complaint.

66. Zaransky denies the allegations contained in paragraph 66 of Plaintiff's Amended Complaint.

WHEREFORE, the Defendant, **MARK ZARANSKY** (heretofore referred to as "Zaransky"), respectfully requests that this Honorable Court deny Plaintiff, **U.S. BANK, N.A.'s** (heretofore referred to as "Plaintiff"), request for judgment in favor its favor for all alleged damages, as well as, its costs, attorneys' fees and for such further and/or alternative relief as this Court deems fair, just and necessary, and enter judgment in favor of Zaransky as to Count V, and for such further, alternative and/or additional relief as this Honorable Court deems fair, just and reasonable.

PLAINTIFF'S COMPLAINT DOES NOT CONTAIN A COUNT VI AND, AS SUCH, NO RESPONSE IS NECESSARY.

## COUNT VII
## (PIERCING THE CORPORATE VEIL - AGAINST FOX AND ZARANSKY)

67. Zaransky incorporates by references its answers to the allegations contained in Paragraphs 1 through 27 and 47 through 66 of Plaintiff's Amended Complaint as its answers to the allegations contained in paragraph 67 of Count V, as though fully restated in their entirety herein.

68. Zaransky denies the allegations that he failed to follow corporate formalities and protocol by, among other things: failing to adequately capitalizes CLI; failing to conduct corporate meetings and maintain proper corporate records; failing to segregate personal and corporate financial matters; commingling corporate assets and personal assets; and/or using corporate funds for personal reasons. Answering further, Zaransky lacks the information necessary to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 68 of Plaintiff's Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof

69. Zaransky denies the allegations contained in paragraph 69 of Plaintiff's Amended Complaint.

70. Zaransky denies the allegations contained in paragraph 70 of Plaintiff's Amended Complaint.

71. Zaransky denies the allegations contained in paragraph 71 of Plaintiff's Amended Complaint.

**WHEREFORE,** the Defendant, **MARK ZARANSKY** (heretofore referred to as "Zaransky"), respectfully requests that this Honorable Court deny Plaintiff, **U.S. BANK, N.A.'s** (heretofore referred to as "Plaintiff"), request for judgment in favor its favor for all alleged damages, as well as, its costs, attorneys' fees and for such further and/or alternative relief as this Court deems fair, just and necessary, and enter judgment in favor of Zaransky as to Count VII, and for such further, alternative and/or additional relief as this Honorable Court deems fair, just and reasonable.

Respectfully Submitted on behalf of;

Defendant, **MARC ZARANSKY**,

By and through his attorneys,

PERL & GOODSNYDER, LTD.

By: _____
Christopher M. Goodsnyder
One of his Attorneys

Mr. Allen R. Perl, Esq.
    ARDC No.: 6191920
Mr. Christopher M. Goodsnyder, Esq.
    ARDC No.: 6216156
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / (312) 243-0806 (fax)

**Dated : 06/05/08**

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss. |
| COUNTY OF COOK | ) | |

### CERTIFICATE OF SERVICE

TO:   See attached Service List

I, Christopher M. Goodsnyder, an attorney on oath state, under penalties provided by law state that I caused following documents of the Defendant, **MARC ZARANSKY**:

(1)   **CERTIFICATE OF SERVICE**
(3)   **MARC ZARANSKY'S ANSWER TO PLAINTIFF U.S. BANK, N.A.'s AMENDED COMPLAINT**

to be sent to each attorney to whom directed at their respective addresses via:

_____   **Via Regular U.S. Mail**, by depositing the same in the U.S. Mail, postage prepaid, in a properly addressed, sealed and secure envelope, at 14 North Peoria Street, Suite 2-C, Chicago, Illinois 60607, before 5:00 P.M. on the **5th** day of **June, 2008.**

__X__   **Via Telephone Facsimile**, by transmitting a facsimile copy to the telephone numbers listed herein, before 5:00 P.M. on the **5th** day of **June, 2008.**

_____   **Via Electronic Mail**, by transmitting a PDF image of said documents to the email addresses listed herein, before 5:00 P.M. on the **5th** day of **June, 2008.**

_____   **Via Federal Express (Fedex)**, standard priority, overnight delivery, by depositing the same in the Fedex drop box location/shipping center, with shipping charges paid by the sender, in a properly addressed, sealed and secure envelope, at 1 S. Sangamon Street, Chicago, Illinois 60607, before 5:00 P.M. on the on the **5th** day of **June, 2008.**

Respectfully submitted by his attorneys:

PERL & GOODSNYDER, LTD.
_____
Christopher M. Goodsnyder

PERL & GOODSNYDER, LTD.
Attorneys for Defendant MARK ZARANSKY
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / Fax (312) 243-0806

Attorney Number: 39611

## SERVICE LIST

**Attorney for Plaintiff: U.S. BANK, N.A.**

Mr. Daniel J. Voelker
Mr. Hillard M. Sterling
FREEBORN & PETERS, LLP
331 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
312.360.6000

**Attorneys for Defendant: MARC ZARANSKY**

Mr. Allen R. Perl
Mr. Christopher M. Goodsnyder
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / (312) 243-0806 (Fax)

AllenPerl@sbcglobal.net

ChrisGoodsnyder@sbcglobal.net

**Defendant: SONNY FOX**

Mr. Sonny Fox
7100 North Ridgeway
Lincolnwood, Illinois 60645