**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK, N.A., a Delaware corporation and national banking association, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 08 CV1822 |
| C.A.R. LEASING, INCORPORATED, an Illinois corporation, SONNY FOX, and MARC ZARANSKY, an Illinois citizen | ) ) ) ) | Judge Kennelly Magistrate Judge Mason |
| Defendants. | ) ) | |

**MOTION TO DISMISS COUNTS I, IV AND V OF AMENDED COMPLAINT**

Defendants, C.A.R. LEASING, INCORPORATED ("CLI"), an Illinois corporation, and SONNY FOX ("Fox" and collectively, "Defendants"), by their attorney, Harold L. Moskowitz, prays that this Court dismiss Counts I, IV and V of the complaint of U.S. BANK, N.A. ("Plaintiff") for failure to state a cause of action. In support hereof, Defendants state as follows:

1.      Plaintiff has filed a six count amended complaint against the Defendants which is centered around that financing agreement entered into between CLI and plaintiff for the purpose of CLI selling and/or leasing cars to third persons, which loans and/or leases would then be transferred to plaintiff. Count I asserts a claim for recission; Count II asserts a claim of breach of contract; Count II makes a claim on a guaranty; Count IV states that there was fraudulent misrepresentations made by all of the defendants; Count V claims that all of the defendants falsely concealed that they would not perform under the agreement between the parties; and Count Vi asserts a pircing the corporate veil claim against defendants Fox and Zaransky.

**ALLEGATIONS OF THE COMPLAINT**

1

The amended complaint asserts the following:

**A.    Count I**

1. On or around October 19, 2004, U.S, Bank and CLI entered into the Dealer Agreement ("Agreement[1]"). Amended Complaint, ¶10.

2. The Agreement provided that U.S. Bank was to buy from CLI certain vehicle sales contracts and leasing contracts that CLI had entered into with buyers or lessors of motor vehicles sold or leased by CLL. Amended Complaint, ¶11. Amended Complaint, ¶11.

3. CLI made certain express "specific warranties" to U.S. Bank as to each Contract purchased by U.S. Bank from CLI under the Agreement, among other things, that:

    a. Dealer has caused title to the Contract and the Vehicle, free in either instance of any lien or encumbrance or claim or defense by the Customer, to be conveyed to U.S. Bank or its designee;

    b. As directed by U.S. Bank, Dealer will file an application for title and registration for the Vehicle and submit it to the appropriate governmental agency showing U.S. Bank's interest in the Vehicle on or before twenty (20) days after the Customer receives possession of the Vehicle;

    c. Dealer will file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to Vehicles subject to Retail Contracts and will send U.S. Bank the filing receipts.

Amended Complaint, ¶12.

4. On or around October 26, 2004, U.S. Bank and Fox entered into the Guaranty. Amended Complaint, ¶14.

5. Under the Guaranty, Fox guaranteed (i) the full and prompt payment when due, whether by acceleration or otherwise, and at all times hereafter, of all Indebtedness, and (ii) the full and prompt performance of all the terms, covenants, conditions and agreements related to the Indebtedness." Amended Complaint, ¶15.

6. CLI assigned Contracts to U.S. Bank under the Agreement. In exchange for those assignments, U.S. Bank tendered full payment to CLI of amounts owed by U.S. Bank to CLI for those Contracts under the Agreement. Amended Complaint, ¶16.

7. Defendants "developed and implemented a scheme" under which they would profit

        wrongfully and unlawfully by securing payments by U.S. Bank under the Agreement for vehicle sales contracts or leases but failing and/or refusing to tender those payments to the third-party dealerships from which Defendants bought or secured the vehicles. Amended Complaint, ¶17.

8. Defendants regularly contacted third-party dealerships in an attempt to arrange for the delivery of certain motor vehicles to Defendants or Defendants' customers ("Vehicles") whereby Defendants represented to the respective dealerships that Defendants would tender payment for the Vehicles to the third-party dealerships once the sales contracts or leases were executed by Defendants' customers and the Contracts were assigned to U.S. Bank under the Agreement. The third-party dealerships then were to provide the Vehicles to Defendants who, in turn, would sell or lease the Vehicles to Defendants' customers. Amended Complaint, ¶18, ¶19.

9. The third-party dealerships retained and refused to transfer title to the Vehicles unless and until Defendants tendered payment to said third-party dealerships for the Vehicles provided. Amended Complaint, ¶20.

10. At the time Defendants sold or leased the Vehicles to their customers, Defendants assigned the Contracts to various financial institutions, including U.S. Bank, in exchange, U.S. Bank tendered full payment to CLI. Amended Complaint, ¶21.

11. Defendants "refused to pay" the third-party dealerships the full amounts owed by Defendants for the Vehicles. Amended Complaint, ¶22. The third-party dealerships then refused to transfer any of the titles for the Vehicles to U.S. Bank. Amended Complaint, ¶23.

12. CLI also "refused and/or failed" to file applications for title and registration for the vehicles to the appropriate governmental agency (the Illinois Secretary of Slate) showing U.S. Bank's interest in the vehicles and "failed and/or refused to: (a) file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to vehicles subject to Contracts". Amended Complaint, ¶25, ¶26.

13. CLI's improper actions have resulted in U.S. Bank having an unsecured interest in the vehicles. Had U.S. Bank known that it was only going to receive an unsecured interest in the vehicles, U.S. Bank would not have entered into the Agreement with CLI. Amended Complaint, ¶27.

Count I of the amended complaint goes on to assert that "due to CLI's material breaches of, and defaults under, the Agreement, U.S. Bank has not received the benefits of the bargains it made with CLI." As a result, it prays that the Court rescind the Agreement and restore the parties to the

status quo by requiring CLI to return all monies advanced to it under the October, 2004 agreement.

**B.     Count IV**

After Count II of the complaint asserted a cause of action for breach of contract based on the allegations set forth above in Count I, plaintiff asserted an alleged cause of action for fraudulent misrepresentation based upon the same action. The relevant allegations of Count IV are:

1. Before CLI entered into the Agreement, Defendants made false statements to U.S. Bank that Defendants intended to - and would - use funds paid by U.S. Bank in order to pay third-party dealerships from which Defendants bought or secured the Vehicles. Amended Complaint, ¶49.

2. Before CLI entered into the Agreement, Defendants also made false statements to U.S. Bank that U.S. Bank would have ownership interests in the vehicles, or would be able to perfect valid and enforceable first-priority security interests in the Vehicles, upon Defendants' conveyance of good and proper title to the Vehicles. Amended Complaint, ¶50.

3. The above-alleged statements were false because Defendants knew that: (a) they would not use funds paid by U.S. Bank in order to pay third-party dealerships from which Defendants bought or secured the Vehicles; and/or (b) U.S. Bank would not receive the titles for the Vehicles and/or be able to perfect valid and enforceable first-priority security interests in the Vehicles. Amended Complaint, ¶51.

4. The above-alleged false statements were made by Defendants for purposes of inducing U.S. Bank to act by: (a) entering into the Agreement; (b) paying finds under the Agreement; and/or (c) doing (and continuing to do) business with Defendants despite their fraudulent and unlawful scheme or schemes. Amended Complaint, ¶52.

5. U.S. Bank reasonably believed the above-alleged false statements and reasonably relied on such statements by: (a) entering into the Agreement; (b) paying funds under the Agreement; and/or (c) doing (and continuing to do) business with Defendants despite their fraudulent and unlawful scheme or schemes. Amended Complaint, ¶55.

6. U.S. Bank's reliance on the above-alleged false statements proximately caused damages suffered by U.S. Bank, including without limitation, damages consisting of: (a) amounts paid under the Agreement; and/or (b) amounts lost because of U.S. Bank's inability to assert ownership interests in the Vehicles and/or perfect valid and enforceable first-priority security interests in the Vehicles. Amended Complaint, ¶56.

**C.     Count V.**

Similarly to Count IV, once again plaintiff asserts an alleged for fraud cause of action – this time, fraudulent concealment, based upon the same actions pled in the Count I breach of contract claim. The relevant allegations of Count IV are:

1. Defendants have engaged in a scheme, or schemes, to defraud U.S. Bank by concealing material facts from U.S. Bank in order to improperly and illegally receive funds from U.S. Bank and keep those funds rather than pay third-party dealerships from which Defendants bought or secured Vehicles. Amended Complaint, ¶58.

2. Defendants falsely concealed from U.S. Bank that Defendants did not intend to - and would not - use funds paid by U.S. Bank in order to pay third-party dealerships from which Defendants bought or secured the Vehicles (Amended Complaint, ¶59) and that U.S. Bank would not have ownership interests in the Vehicles, or would not be able to perfect valid and enforceable first-priority security interests in the Vehicles (Amended Complaint, ¶60).

3. The false concealments were undertaken by Defendants for purposes of inducing U.S. Bank to act by: (a) paying funds under the Agreement; and/or (b) doing (and continuing to do) business with Defendants. Amended Complaint, ¶62.

4. At the time they undertook the above-alleged fraudulent concealments, Defendants had a duty to disclose the concealed facts but failed to do so  Amended Complaint, ¶63.

5. U.S. Bank reasonably relied on the failure of Defendants to disclose the above-alleged concealed facts by: (a) entering into the Agreement; (b) paying funds under the Agreement; and/or (c) doing (and continuing to do) business with Defendants despite their fraudulent and unlawful scheme or schemes. Amended Complaint, ¶65.

6. U.S. Bank's reliance on the above-alleged concealments proximately caused damages suffered by U.S. Bank. Amended Complaint, ¶66.

The Court should dismiss Counts I, IV and V of the amended complaint for the following reasons:

1. Count I fails to plead that it is willing to restore the status *quo ante* to the parties by both returning any and all profits earned by plaintiff during the four years of the arrangement between the parties, the vehicles purchased and/or the proceeds from

        any sale thereof and because it has already ratified any such arrangement thereby making recission impermissible.

2.    Counts IV and V fail to assert the alleged fraudulent actions with particularity as mandated by Fed. R.Civ.Proc. 9(b).

3.    Count IV and V are nothing more that breach of contract claims dressed as fraud claims; and

4.    Count V is duplicative of Count IV.

## ARGUMENT

**A.    General Standards.**

In analyzing a motion to dismiss, this Court will not dismiss a complaint unless it is clear that no set of facts which plaintiff could prove consistent with the pleadings would entitle plaintiff to relief. *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 335 U.S. 41, 45-46, 78 L.Ed.2d 80 (1957); *Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987); *Vaden v. Village of Maywood,* 809 F.2d 361, 363 (7th Cir.), *cert. denied,* 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987). The Court will accept all well-pleaded factual allegations in the complaint as true. *Vaden,* 809 F.2d at 363; *Doe v. St. Joseph's Hospital of Fort Wayne,* 788 F.2d 411, 414 (7th Cir.1986). In addition, this Court will view the allegations in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984); *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).

**B.    Pleading Fraud.**

In pleading fraud or, as in this case, fraudulent concealment, the plaintiff has the additional burden of pleading the fraudulent concealment claim with sufficient particularity pursuant to

Fed.R.Civ.P. 9(b). Rule 9(b) states the following:

> "In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally."

Fed.R.Civ.P. 9(b).

Although [Rule 9] places stringent pleading requirements on a plaintiff, the Seventh Circuit has indicated that Rule 9 must be read in conjunction with Rule 8. Rule 8 requires 'a short and plain statement of the claim showing that the pleader is entitled to relief'." *Ambling v. Blackstone Cattle Co.,* 658 F.Supp. 1459, 1468 (N.D.Ill.1987) *citing Tomera v. Galt,* 511 F.2d 504, 508 (7th Cir.1975). "Therefore, a complaint which alleges ... fraud must state with particularity specific fraudulent acts comprising fraud. Rule 9(b), however, does not require [a] plaintiff to plead detailed evidentiary matters." *D & G Enterprises v. Continental Illinois National Bank,* 574 F.Supp. 263, 267 (N.D.Ill.1983). The Court in *D & G. Enterprises* also stated that "*[i]n describing the circumstance constituting fraud, the plaintiff must describe the time, place and particular contents of the false representations, as well as the identity of the party making the representation.*" *D & G. Enterprises,* 574 F.Supp. at 267 (emphasis added). According to the Seventh Circuit, "this means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990).

C.    Count I Fails to Assert Right to Recission.

Count I is titled an action for "Recision." In general, recision is defined in Illinois (and elsewhere) as:

> a "rescission" of a contract constitutes a termination of that contract with restitution. *Kirchhoff v. Rosen*, 227 Ill. App. 3d 870, 877, 169 Ill. Dec. 884, 592 N.E.2d 371 (1992). To state a cause of action for rescission, the plaintiff must allege facts which establish that there has been substantial nonperformance or a substantial breach by another party. *Wilkonson v.*

*Yovetich*, 249 Ill. App. 3d 439, 445, 188 Ill. Dec. 550, 618 N.E.2d 1120 (1993). Generally, a contract may be rescinded only where the court is able to place each side in the status quo ante, the status before the contract. *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 38, 205 Ill. Dec. 443, 643 N.E.2d 734 (1994); *International Insurance Co. v. Sargent & Lundy*, 242 Ill. App. 3d 614, 629, 182 Ill. Dec. 308, 609 N.E.2d 842 (1993). Restoring the parties to the status quo ante requires each party to return to the other the value of the benefits received under the rescinded contract. *Newton*, 260 Ill. App. 3d at 720; *Felde v. Chrysler Credit Corp.*, 219 Ill. App. 3d 530, 542, 162 Ill. Dec. 565, 580 N.E.2d 191 (1991)."

*Lempa v. Finkel*, 278 Ill. App. 3d 417, 426 (Ill. App. Ct., 1996).

However, the Illinois Supreme Court in *Eisenberg v Goldstein*, 29 Ill. 2d 617 (Ill. 1963) held that a person who has been misled by fraud or misrepresentation is required, as soon as he learns of the truth, to disaffirm the transaction with all reasonable diligence so as to afford both parties the opportunity to be restored to their original positions.  If a defrauded party does not "disaffirm or abandon the transaction with all reasonable diligence" and "conducts himself as though [the contract were] still subsisting and binding," he waives his right to rescind and must continue to perform his obligations under the contract. *City of Chicago v. Michigan Beach Hous. Coop.*, 297 Ill. App. 3d 317, 696 N.E.2d 804, 231 Ill. Dec. 508 (Ill. App. Ct. 1st Dist. 1998).

Exhibit A to the complaint shows that the agreement upon which this complaint is based was signed in October, 2004.  To properly assert any such claim, plaintiff would have to assert that there were no transactions between the parties that were not completed according to the terms of the agreement.  In addition, the plaintiff would have to claim that in the four years that it was continuing to fund under this agreement it did not know that the alleged actions asserted by plaintiff – not getting titles and/or first lien positions – were taking place but somehow plaintiff did not know about this.  However, nothing in the complaint says any such thing! It implies that over the four years that there were many transactions between the parties that were completed according to the terms of the agreement.  It does not state when the alleged fraud giving an alleged right of recission took place.

Thus, even if the allegations of the complaint were true (and they are not), the plaintiff has lost the right to rescind by failing to immediately take action.

In addition, and assuming that there was any number of transactions plaintiff does not complain about, plaintiff does not assert that it is willing and/or could, return the parties to the status quo ante. For one, it does not state that it is willing to return any and all profit earned on the transactions or transfer to the Defendants either cars bought with US Bank proceeds or the proceeds of the sale of those cars. It does not even state what it believes the amount loaned to be. In short, it wants all of the benefits of the transaction but none of the detriments. Such a cause of action for recission does not make.

**D.    Counts V and V Refuse to Plead the Fraud with Particularity.**

Since the Seventh Circuit requires the pleading to set forth the, "who, what, when, where, and how: the first paragraph of any newspaper story," (*DiLeo, supra*), Counts IV and V must be dismissed because there are no fact particulars at all. Not when the fraud took place, who made the representations, where they were made; and in what way. In short, Counts IV and V are nothing but boiler-plate with the parties having to guess. That is not sufficient under Fed.R.Civ.Proc 9(b) and the Counts must be dismissed.

**E.    Counts IV and V are Nothing More than Breach of Contract Claims Couched as Fraud.**

A review of the allegation sof this complaint shows that the alleged fraud claims are nothing more than complaints about the alleged breach of contract: if only we knew that the debtor would not pay, we never would have sold him the widgets. As stated in Shaw v. Hyatt Intern. Corp. 461 F.3d 899, 901 -902 (C.A.7 (Ill.),2006):

9

"In *Avery v. State Farm Mutual Auto. Ins. Co.,* 216 Ill.2d 100, 296 Ill.Dec. 448, 835 N.E.2d 801, 844 (2005), the Illinois Supreme Court rejected efforts by the plaintiff to enforce contractual promises through a consumer fraud action, holding that "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." Quoting *Zankle v. Queen Anne Landscaping,* 311 Ill.App.3d 308, 244 Ill.Dec. 100, 724 N.E.2d 988, 992-93 (2 Dist.2000), the court explained:"

"What plaintiff calls "consumer fraud" or "deception" is simply defendants' failure to fulfill their contractual obligations. Were our courts to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action. However, it is settled that the Consumer Fraud Act was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. [citation omitted] We believe that a "deceptive act or practice" involves more than the mere fact that a defendant promised something and then failed to do it. That type of "misrepresentation" occurs every time a defendant breaches a contract. *Avery,* 296 Ill.Dec. 448, 835 N.E.2d at 844; *Zankle,* 244 Ill.Dec. 100, 724 N.E.2d at 993-93; *Sklodowski v. Countrywide Home Loans, Inc.,* 358 Ill.App.3d 696, 295 Ill.Dec. 38, 832 N.E.2d 189, 196-97 (1 Dist.2005); *Pappas v. Pella Corp.,* 363 Ill.App.3d 795, 300 Ill.Dec. 552, 844 N.E.2d 995, 999-1000 (1 Dist.2006)."

That is all that is happening here – plaintiff claiming breach of contract which they now assert as fraud. It is not.

**F.     Count V is Duplicative of Count IV?**

Normally, fraudulent concealment is a claim asserted to defend against a claim of statute of limitations. When in the rare case it is asserted as some common law tort, it is really nothing more than a fraudulent misrepresentation claim based upon some duty to disclose acting as if there were a fraudulent misrepresentation. Fraudulent concealment is a form of common law fraud. *Hirsch v. Feuer*, 299 Ill.App.3d 1076, 1085 (1st Dist.1998); *B.E.L.T., Inc. v. LaCrad Intern. Corp.* 2002 WL 31761400, 2 (N.D.Ill.) (N.D.Ill.,2002). Thus, there is no real distinction between Counts IV and V as they are the same cause of action and Count V should be dismissed.

Moreover, even if they were not, the pleading requirements for the cause of action is set forth in *Stewart v. Thrasher,* 242 Ill.App.3d 10, 16, 610 N.E.2d 799, 804, 182 Ill.Dec. 930, 935 (Ill.App.

4 Dist.,1993):

> "in the case of concealment, the analysis is modified, and in order to prove the concealment amounted to a fraudulent misrepresentation the plaintiff must prove: (1) the concealment of a material fact; (2) the concealment was intended to induce a false belief, under circumstances creating a duty to speak ( *Lindsey,* 129 Ill.App.3d at 723, 84 Ill.Dec. at 880, 473 N.E.2d at 96); (3) the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury. *Huls,* 179 Ill.App.3d at 909, 128 Ill.Dec. at 862, 535 N.E.2d at 76."

What is missing both factually in the complaint and under the law is what duty there is to speak in this case? The parties negotiated a deal at arm's length. Where was the duty?

WHEREFORE, Defendants pray that the Court dismiss Counts I, IV and V; grant them the costs of defending the motion, including reasonable attorneys' fees; and that the Court grant them such other and further relief as this Court deems proper

                Respectfully submitted,

                C.A.R. LEASING, INC., an Illinois corporation
                SONNY FOX

                By:_____
                    One of their counsel

HAROLD L. MOSKOWITZ
55 West Monroe Street
Suite 1100
Chicago, Illinois 60603
(312) 977-0223
ARDC: 3128347