**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| U.S. BANK, N.A., a Delaware corporation and national banking association, ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | Case No. 08 CV1822 |
| C.A.R. LEASING, INCORPORATED, an Illinois corporation, SONNY FOX, and MARC ZARANSKY, an Illinois citizen ) ) ) ) ) | Judge Kennelly<br><br>Magistrate Judge Mason |
| Defendants. ) | |

**ANSWER**

Defendants, C.A.R. LEASING, INCORPORATED ("CLI"), an Illinois corporation, and SONNY FOX ("Fox" and collectively, "Defendants"), by their attorney, Harold L. Moskowitz, answers the complaint of U.S. BANK, N.A. ("Plaintiff or "USB"), as follows:

**NATURE OF THE ACTION**

1. This action arises from a scheme to defraud perpetrated by Defendants, who purchased vehicles from third-party dealerships, secured financing for those purchases from U.S. Bank, and then kept the funds provided by U.S. Bank instead of paying for the vehicles. Defendants developed and perpetrated that scheme in order to profit unlawfully by purchasing vehicles without paying for them and keeping and/or misusing the funds received from U.S. Bank. U.S. Bank has been harmed by the scheme because, among other things, Defendants' scheme and misconduct have precluded and/or impaired U.S. Bank from protecting its ownership rights, titles and interests in the vehicles.

ANSWER:

Defendants admit that CLI purchased vehicles from third-party dealerships and secured financing for some of those purchases from U.S. Bank. They deny the remaining allegations of this paragraph.

1

2. This action also arises from CLI's defaults and material breaches of contractual terms contained in a Dealer Agreement ("Agreement[0]") entered into by and between U.S. Bank and CLI. Under the Agreement, U.S. Bank agreed to purchase vehicle sales or lease contracts from CLI, and CLI made certain express warranties and promises regarding those contracts. CLI breached those warranties and promises by refusing and/or failing to file applications for titles and registrations for the vehicles and submitting such applications (which would reflect U.S. Bank's rights, title and interest in the vehicles) to the appropriate governmental agency. Accordingly, U.S. Bank seeks to: (a) rescind the Agreement and recover all amounts paid to CLI or, alternatively, (b) enforce the Agreement and recover damages caused by CLI including, without limitation, all unpaid balances owed by CLl's customers under the contracts purchased by U.S. Bank. Moreover, U.S, Bank seeks to recover all such amounts or damages from Fox in accordance with a Guaranty under which Fox unconditionally and absolutely guaranteed full and prompt payment of any indebtedness of CLI to U.S. Bank. U.S. Bank also seeks to recover all attorneys[1] fees and costs incurred in connection with bringing this action and enforcing its contractual rights as provided and permitted by the Agreement and Guaranty.

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's invective and legal conclusions to which an admission or denial is not required. As a result, Defendants deny these allegations.

**THE PARTIES**

3. Plaintiff, U.S. Bank, N.A., is a corporation in good standing and duly organized and existing under the laws of the State of Delaware with its principal place of business in Minneapolis, Minnesota. U.S. Bank's certificate of organization also identifies the State of Ohio as the place where its operations are conducted. U.S. Bank is the successor-in-interest to Firstar Bank, N.A., and Star Bank, N.A. (collectively, U.S. Bank and its predecessors-in-interest shall be referred to as "US. Bank").

ANSWER:

Defendants are without sufficient information with which to admit or deny these allegations.

4. Defendant C.A.R. Leasing, Incorporated ("CLI") is a corporation in good standing and duly organized and existing under the laws of the State of Illinois with its principal place of business in Lincolnwood, Illinois. CLI is in the business of selling and leasing motor vehicles to consumers.

ANSWER:

Defendants admit the allegations of this paragraph.

5.     Defendant Sonny Fox ("Fox") is an individual and citizen of the State of Illinois. Fox is CLI's President.

ANSWER:

Defendants admit the allegations of this paragraph.

6.     Defendant Marc Zaransky ("Zaransky") is an individual and citizen of the State of Illinois. Zaransky is an employee of CLI.

ANSWER:

Defendants admit the allegations of this paragraph.

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over Defendants, which reside in this State, have entered into contracts with citizens of this State, and have purposely availed themselves of the benefits and the laws and commerce of this State.

ANSWER:

Defendants admit the allegations of this paragraph.

8.     This Court has subject-matter jurisdiction to decide this case under 28 U.S.C. §1332. There is complete diversity between Plaintiff and Defendants, and the amount in dispute exceeds the value of $75,000.00, exclusive of fees and costs.

ANSWER:

Defendants are without sufficient information with which to admit or deny the allegations of this paragraph.

9.     Venue is proper in this District under 28 U.S.C. § 1391 (a) because one or more of the Defendants reside in this District, and because a significant portion of the events or omissions that give rise to this cause of action occurred within this District.

ANSWER:

Defendants admit the allegations of this paragraph.

## GENERAL ALLEGATIONS

10. On or around October 19, 2004, U.S, Bank and CLI entered into the Dealer Agreement ("Agreement[1]"), a true and correct copy of which is incorporated herein and attached hereto as Exhibit A.

ANSWER:

Defendants admit the allegations of this paragraph.

11. The Agreement provided that U.S. Bank was to buy from CLI (defined under the Agreement as "Dealer") certain vehicle sales contracts and leasing contracts (each of which is defined under the Agreement as the "Contract") that CLI had entered into with buyers or lessors of motor vehicles sold or leased by CLL.

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's legal conclusions as to the terms of the Agreement to which an admission or denial is not required. To the extent that these allegations differ with the terms of the Agreement, Defendants deny them.

12. Pursuant to the Agreement, CLI made certain express "specific warranties" to U.S. Bank as to each Contract purchased by U.S. Bank from CLI under the Agreement. (Agreement, Exh. A, at § 7.) CLI's warranties provided, among other things, that:

   a. Dealer has caused title to the Contract and the Vehicle, free in either instance of any lien or encumbrance or claim or defense by the Customer, to be conveyed to U.S. Bank or its designee;

   b. As directed by U.S. Bank, Dealer will file an application for title and registration for the Vehicle and submit it to the appropriate governmental agency showing U.S. Bank's interest in the Vehicle on or before twenty (20) days after the Customer receives possession of the Vehicle;

   c. Dealer will file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to Vehicles subject to Retail Contracts and will send U.S. Bank the filing receipts.

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's legal conclusions as to the terms of the Agreement to which an admission or denial is not required. To

the extent that these allegations differ with the terms of the Agreement, Defendants deny them.

13.    The Agreement also provided that, "[i]f a Dealer representation, warranty or covenant made in the assignment of a Contract to U.S. Bank is breached or is untrue or is alleged to be breached or untrue or should Dealer fail to perform any of its obligations to U.S. Bank under this Agreement, Dealer shall promptly pay" certain amounts to U.S. Bank, including without limitation "the unpaid balance of any Customers liability in the event of early termination on any or all Contracts purchased hereunder, as determined by U.S. Bank less any applicable deposit, prepaid rental or similar sum or any Dealer Reserve not paid to Dealer in connection with said Contracts which U.S. Bank shall retain."

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's legal conclusions as to the terms of the Agreement to which an admission or denial is not required. To the extent that these allegations differ with the terms of the Agreement, Defendants deny them.

14.    On or around October 26, 2004, U.S. Bank and Fox entered into the Guaranty, a true and correct copy of which is incorporated herein and attached hereto as Exhibit B.

ANSWER:

Defendants admit the allegations set forth in this paragraph.

15.    Under the Guaranty, Fox (defined under the Guaranty as the "Guarantor") undertook certain "Guaranty Obligations" including, without limitation, the obligation that Pox "hereby unconditionally and absolutely guarantees (i) the full and prompt payment when due, whether by acceleration or otherwise, and at all times hereafter, of all Indebtedness, and (ii) the full and prompt performance of all the terms, covenants, conditions and agreements related to the Indebtedness." (Guaranty, Exh. B, at § 2.) The Guaranty defined 'Indebtedness[11] to "mean any obligation or indebtedness of any kind of any Dealer to U.S. Bank, howsoever created, arising or evidenced, whether direct or indirect, absolute or contingent, renewed or extended, or now or hereafter existing or due to become due, including without limitation, those obligations arising from the Dealer Agreement between the Dealer and U.S. Bank." *(Id.* at § l(b).) The Guaranty defined "Dealer" as CLI *(Id.* at § l(a).)

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's legal conclusions as to the terms of the Agreement to which an admission or denial is not required. To the extent that these allegations differ with the terms of the Agreement, Defendants deny them.

16. CLI assigned Contracts to U.S. Bank under the Agreement. In exchange for those assignments, U.S. Bank tendered full payment to CLI of amounts owed by U.S. Bank to CLI for those Contracts under the Agreement.

ANSWER:

Defendants admit the allegations of this paragraph.

17. Defendants developed and implemented a scheme under which they would profit wrongfully and unlawfully by securing payments by U.S. Bank under the Agreement for vehicle sales contracts or leases but failing and/or refusing to tender those payments to the third-party dealerships from which Defendants bought or secured the vehicles.

ANSWER:

Defendants deny the allegations of this paragraph.

18. Specifically, Defendants regularly contacted third-party dealerships in an attempt to arrange for the delivery of certain motor vehicles to Defendants or Defendants' customers (herein collectively referred to as the "Vehicles").

ANSWER:

Defendants admit the allegations of this paragraph.

19. When Defendants made the aforementioned arrangements with third-party dealerships, Defendants represented to the respective dealerships that Defendants would tender payment for the Vehicles to the third-party dealerships once the sales contracts or leases were executed by Defendants' customers and the Contracts were assigned to U.S. Bank under the Agreement. The third-party dealerships then were to provide the Vehicles to Defendants who, in turn, would sell or lease the Vehicles to Defendants' customers.

ANSWER:

Defendants admit the allegations of this paragraph.

20. When the third-party dealerships provided the Vehicles to Defendants, the third-party dealerships retained and refused to transfer title to the Vehicles unless and until Defendants tendered payment to said third-party dealerships for the Vehicles provided..

ANSWER:

Defendants deny the allegations of this paragraph.

21. As part of their scheme, at the time Defendants sold or leased the Vehicles to their customers, Defendants assigned the Contracts lo various financial institutions, including U.S. Bank. In exchange for this assignment, U.S. Bank, among others, tendered full payment to CLI in the amount identified in the Contracts.

ANSWER:

Defendants admit that at the time Defendants sold or leased the Vehicles to their customers, Defendants assigned the Contracts lo various financial institutions, including U.S. Bank in exchange for payments to CLI. They deny the remaining allegations of this paragraph.

22. Despite Defendants' representations to all parties involved, once the Vehicles were sold or leased and the Contracts were assigned to U.S. Bank, Defendants refused to pay the third-party dealerships the full amounts owed by Defendants for the Vehicles.

ANSWER:

Defendants deny the allegations of this paragraph.

23. Due to Defendants' failures to pay the third-party dealerships these amounts, the third-party dealerships refused to transfer any of the titles for the Vehicles to U.S. Bank, despite U.S. Bank's clear ownership interest in, or lease on, the Vehicles, and despite the third-party dealerships' lack of ownership rights, titles and interests in connection with the Vehicles.

ANSWER:

Defendants deny the allegations of this paragraph.

24. The actions of CLI are in clear violation of the written warranties and provisions of the Agreement, under which CLI expressly warranted and agreed that it would be able to provide U.S. Bank with clear titles for the Vehicles.

ANSWER:

This paragraph does not contain any well pleaded allegations of fact but merely plaintiff's legal conclusions to which an admission or denial is not required. To the extent that this paragraph contains any such well pleaded allegations of fact, Defendants deny them.

25. In breach and default of the Agreement, on or before twenty (20) days after CLI's customers received possession of their vehicles, CLI refused and/or failed to file applications for title and registration for the vehicles to the appropriate governmental agency (the Illinois Secretary of Slate) showing U.S. Bank's interest in the vehicles. *(See* Agreement, Exh. A, at §7(q))

ANSWER:

Defendants admit on occasion that applications for title were not applied for. The remaining allegations of this paragraph are well pleaded allegations of fact but merely plaintiff's legal conclusions to which an admission or denial is not required. To the extent that this paragraph contains any such well pleaded allegations of fact, Defendants deny them.

26. In further breach and default of the Agreement, CLI has failed and/or refused to: (a) file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to vehicles subject to Contracts; and/or (b) send U.S. Bank the filing receipts. *(See* Agreement, Exh. A, at § 7®).)

ANSWER:

Defendants admit on occasion that applications for title with US Bank's name as lien holder were not applied for. The remaining allegations of this paragraph are well pleaded allegations of fact but merely plaintiff's legal conclusions to which an admission or denial is not required. To the extent that this paragraph contains any such well pleaded allegations of fact, Defendants deny them.

27. As a result of CLl's breaches and misconduct, U.S. Bank is now completely unable to affix or otherwise secure its ownership interests or valid and enforceable first-priority security interests in the vehicles in question. CLl's improper actions have resulted in U.S. Bank having an unsecured interest in the vehicles.  Had U.S. Bank known that it was only going to receive an unsecured interest in the vehicles, U.S. Bank would not have entered into the Agreement with CLI.

ANSWER:

Defendants are without sufficient information as to what US Bank would or would not have done or what it is unable or unwilling to do. Defendants deny the remaining allegations of this paragraph.

## COUNT II
### (ALTERNATIVE TO COUNT I) (BREACH OF CONTRACT - AGAINST CLI)

34.   U.S. Bank incorporates and realleges the allegations contained in Paragraphs I through 27 as if fully stated herein.

ANSWER:

Defendants repeat and reallege their answers to Paragraphs 1 through 27 as if fully stated herein.

35.   The Agreement between U.S. Bank and CLI is a valid and enforceable contract freely entered into by U.S. Bank and CLI.

ANSWER:

This paragraph does not contain any well pleaded allegations of fact but merely plaintiff's legal conclusions to which an admission or denial is not required. To the extent that this paragraph contains any such well pleaded allegations of fact, Defendants deny them.

36.   CLI materially breached, and/or defaulted under, the Agreement. Specifically, CLI materially breached the Agreement by failing or refusing to: (a) file applications for title and registration for the vehicles to the appropriate governmental agency (the Illinois Secretary of State) showing U.S. Bank's interest in the vehicles *(see* Agreement, Exh. A, at § 7(q)); (b) file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to vehicles subject to Contracts *(see id.* at § 7(r)); and/or ©) send U.S. Bank the filing receipts *(see id.* at § 7®)).

ANSWER:

This paragraph does not contain any well pleaded allegations of fact but merely plaintiff's legal conclusions to which an admission or denial is not required. To the extent that this paragraph contains any such well pleaded allegations of fact, Defendants deny them.

37.     U.S. Bank fully performed all of its obligations under the Agreement.

ANSWER:

Defendants are without sufficient information with which to admit or deny the allegations of this paragraph.

38.     U.S. Bank has been damaged by CLI's material breaches of the Agreement in an amount to be proven at trial, but at least equal to the total monies advanced to CLI by U.S. Bank pursuant to the Agreement.

ANSWER:

Defendants deny the allegations of this paragraph.

39.     Additionally, the Agreement provides that U.S. Bank is entitled to recover costs, fees and out-of-pocket expenses, including attorneys' fees, related to CLI's breach of the Agreement.

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's legal conclusions as to the terms of the Agreement to which an admission or denial is not required. To the extent that these allegations differ with the terms of the Agreement, Defendants deny them.

WHEREFORE, Defendants pray that the Court enter judgment in their favor; grant them the costs of defending this cause of action, and for other such relief as this Court deems proper.

## COUNT III
### (ENFORCEMENT OF GUARANTY AGAINST FOX)

40.     U.S. Bank incorporates and realleges the allegations contained in Paragraphs 1 through 39 as if fully stated herein.

ANSWER:

Defendants repeat and reallege their answers to Paragraphs 1 through 27 as if fully stated herein.

41.     The Guaranty is a valid and enforceable contract between U.S. Bank and Fox freely entered into by U.S. Bank and Fox.

ANSWER:

This paragraph does not contain any well pleaded allegations of fact but merely plaintiff's legal conclusions to which an admission or denial is not required.  To the extent that this paragraph contains any such well pleaded allegations of fact, Defendants deny them.

42.     Under the Guaranty, Fox unconditionally and absolutely guaranteed: (i) the full and prompt payment when due, whether by acceleration or otherwise, and at all times hereafter, of all Indebtedness, and (ii) the full and prompt performance of all the terms, covenants, conditions and agreements related to the Indebtedness. (Guaranty, Exh. B, at § 2.)

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's legal conclusions as to the terms of the Agreement to which an admission or denial is not required.  To the extent that these allegations differ with the terms of the Agreement, Defendants deny them.

43.     The amounts owed by CLI to U.S. Bank under the Agreement constitute an "Indebtedness" guaranteed by Fox and owed to U.S. Bank under the Guaranty.

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's legal conclusions as to the terms of the Agreement to which an admission or denial is not required.  To the extent that these allegations differ with the terms of the Agreement, Defendants deny them.

44.     The damages caused by CLI to U.S. Bank in connection with Counts I or II above constitute an "Indebtedness" guaranteed by Fox and owed to U.S. Bank under the Guaranty.

ANSWER:

This paragraph does not contain well pleaded allegations of fact, but merely plaintiff's legal conclusions as to the terms of the Agreement to which an admission or denial is not required. To the extent that these allegations differ with the terms of the Agreement, Defendants deny them.

45.     U.S. Bank has complied with and performed all of its duties and obligations under the terms of the Agreement and Guaranty.

ANSWER:

Defendants are without sufficient information with which to admit or deny the allegations of this paragraph.

46.     As of the filing of this Complaint, Fox has not made full payment of the amounts owed to U.S. Bank under the Guaranty.

ANSWER:

This paragraph does not contain any well pleaded allegations of fact but merely plaintiff's legal conclusions to which an admission or denial is not required. To the extent that this paragraph contains any such well pleaded allegations of fact, Defendants deny them.

WHEREFORE, Defendants pray that the Court enter judgment in their favor; grant them the costs of defending this cause of action, and for other such relief as this Court deems proper.

## COUNT VI

The amended complaint does not seem to have a Count VI so that no answer to said Count is possible.

## COUNT VII
### (PIERCING THE CORPORATE VEIL - AGAINST FOX AND ZARANSKY)

67.     U.S. Bank incorporates and reallcges the allegations contained in Paragraphs 1 through 27, and 47 through 66, as if fully stated herein.

ANSWER:

Defendants repeat and reallege their answers to Paragraphs 1 through 27 as if fully stated herein.

68. Upon information and belief in the conduct of their business of CLI, Pox and Zaransky (the "Individual Defendants") failed to follow corporate formalities and protocol by, among other things: failing to adequately capitalize CL1; failing to conduct corporate meetings and maintain corporate records; failing to segregate personal and corporate financial matters; commingling corporate assets and personal assets; and/or using corporate funds for personal reasons.

ANSWER:

Defendants deny the allegations of this paragraph.

69. Furthermore, Individual Defendants used for their own personal gain and purposes monies paid to CLI for business and corporate activities.

ANSWER:

Defendants are without sufficient information with which to admit or deny what defendant Zaransky did with his compensation. Defendants deny the remaining allegations of this Paragraph.

70. CLI was so controlled and manipulated by Individual Defendants that it had become a mere instrumentality of Individual Defendants.

ANSWER:

Defendants deny the allegations of this paragraph.

71. Recognizing a separate corporate identity of CLI would sanction a fraud and/or promote an injustice.

ANSWER:

Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray that the Court enter judgment in their favor; grant them the costs of defending this cause of action, and for other such relief as this Court deems proper.

Respectfully submitted,

        C.A.R. LEASING, INC., an Illinois corporation
        SONNY FOX

        By:_____
             One of their counsel

HAROLD L. MOSKOWITZ
55 West Monroe Street
Suite 1100
Chicago, Illinois 60603
(312) 977-0223
ARDC: 3128347

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. BANK, N.A., a Delaware corporation and national banking association,   )<br>)<br>Plaintiff   )<br>)<br>v.   )<br>)<br>C.A.R. LEASING, INCORPORATED, an Illinois corporation, SONNY FOX, and MARC ZARANSKY, an Illinois citizen   )<br>)<br>)<br>Defendants.   ) | Case No. 08 CV1822<br><br>Judge Kennelly<br><br>Magistrate Judge Mason |

### NOTICE OF FILING

TO:  Hillard Sterling                      Alan Perl
     Freeborn & Peters                     Perl & Goodsnyder
     311 S. Wacker Drive, Suite 3000       14 South Peoria Street, Suite 2-C
     Chicago, Illinois 60606               Chicago, Illinois 60607

   PLEASE TAKE NOTICE that on June 17, 2008 at 9:30 a.m., the following document was filed in the U.S. Courthouse, 219 Dearborn Street, Chicago, Illinois:

   **1.   Answer to Counts II, II and VII.**

Copies of which have herewith been served upon you.

                                       /s/ HAROLD L. MOSKOWITZ
                                       55 West Monroe Street
                                       Suite 1100
                                       Chicago, Illinois 60603

### CERTIFICATE OF SERVICE
### (VIA MAIL)

   Harold L. Moskowitz, certifies that the this motion was served upon the parties named on the attached service list at the addresses indicated on June 6, 2008, by electronic mail.

                                       _____/s/ Harold Moskowitz_____