IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK, N.A. a Delaware corporation and national banking association, ) ) ) | |
| *Plaintiff,* ) ) | Case Number: 08 CV 1822 |
| -vs.- ) ) | Judge Kennelly |
| C.A.R. LEASING, INCORPORATED, ) an Illinois corporation, SONNY FOX, ) an Illinois citizen, and MARC ) ZARANSKY, an Illinois citizen, HEIDI ) ZARANSKY, an Illinois citizen, ) ) | Magistrate Judge Mason |
| *Defendants.* ) | |

**DEFENDANT MARC ZARANSKY'S ANSWER
TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT**

**NOW COMES** the Defendant, **MARC ZARANSKY** (hereinafter referred to as "Zaransky"), by and through his attorneys, PERL & GOODSNYDER, LTD., and as and for his Answer to the Second Amended Complaint brought by the Plaintiff, **U.S. BANK, N.A.'S, a Delaware corporation and national banking association** (hereinafter referred to as "Plaintiff"), states as follows:

**COUNT I
(RESCISSION - AGAINST CLI)**

The allegations contained in Count I of Plaintiff's Second Amended Complaint are directed at Defendant, **C.A.R. LEASING, INCORPORATED, an Illinois corporation,** and not against Zaransky, and therefore, no response is necessary by Zaransky as to the allegations contained in Count I. However, answering further, if it is later determined that a response is necessary by Zaransky as to Count I of Plaintiff's Second Amended Complaint, Zaransky expressly reserves his right to respond.

## COUNT II (ALTERNATIVE TO COUNT I)
## (BREACH OF CONTRACT - AGAINST CLI)

The allegations contained in Count II of Plaintiff's Second Amended Complaint are directed at Defendant, **C.A.R. LEASING, INCORPORATED, an Illinois corporation,** and not against Zaransky, and therefore, no response is necessary by Zaransky as to the allegations contained in Count II. However, answering further, if it is later determined that a response is necessary by Zaransky as to Count II of Plaintiff's Second Amended Complaint, Zaransky expressly reserves his right to respond.

## COUNT III
## (ENFORCEMENT OF GUARANTY - AGAINST FOX)

The allegations contained in Count III of Plaintiff's Second Amended Complaint are directed at Defendant, **SONNY FOX, an Illinois citizen,** and not against Zaransky, and therefore, no response is necessary by Zaransky as to the allegations contained in Count III. However, answering further, if it is later determined that a response is necessary to Count III of Plaintiff's Second Amended Complaint, Zaransky expressly reserves his right to respond.

## COUNT IV
## (FRAUDULENT INDUCEMENT, MISREPRESENTATIONS, AND CONCEALMENTS - AGAINST ALL DEFENDANTS)

1. Zaransky denies the allegations contained in paragraph 1 of Plaintiff's Second Amended Complaint.

2. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

3. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

4. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

5. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

6. Zaransky admits the allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint.

7. Zaransky admits the allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

8. The allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary.

9. The allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary.

10. The allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary.

11. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

12. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

13. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

14. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

15. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

16. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

17. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

18. Zaransky denies the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19. Zaransky admits the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

20. Zaransky denies the allegations contained in paragraph 20 of Plaintiff's Second Amended Complaint.

21. Zaransky denies the allegations contained in paragraph 21 of Plaintiff's Second Amended Complaint.

22. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

23. Zaransky denies the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint.

24. Zaransky denies the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint.

25. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

26. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

27. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

28. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

29. Paragraphs 29-47 of Plaintiff's Second Amended Complaint are not directed to Zaransky, and therefore, no answer to said allegations is required by Zaransky. However, answering further, if it is later determined that a response by Zaransky is required as to paragraphs 29-47 of Plaintiff's Second Amended Complaint, Zaransky expressly reserves his right to respond seasonably upon such a finding or order of court.

48. Zaransky incorporates by references its answers to the allegations contained in Paragraphs 1 through 28 of Plaintiff's Second Amended Complaint as its answers to the allegations contained in paragraph 48 of Count IV, as though fully restated in their entirety herein.

49. Zaransky denies the allegations contained in paragraph 49 of Plaintiff's Second Amended Complaint.

50. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

51. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

52. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

53. Zaransky denies the allegations contained in paragraph 53 of Plaintiff's Second Amended Complaint.

54. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

55. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

56. The allegations contained in paragraph 56 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary. However, to the extent that said allegations are later construed as constituting proper and sufficient factual allegations to which an answer is properly due, Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

57. The allegations contained in paragraph 57 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary. However, to the extent that said allegations are later construed as constituting proper and sufficient factual allegations to which an answer is properly due, Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

58. The allegations contained in paragraph 58 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary. However, to the extent that said allegations are later construed as constituting proper and sufficient factual allegations to which an answer is properly due, Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

59. Zaransky denies the allegations contained in paragraph 59 of Plaintiff's Second Amended Complaint.

60. Zaransky denies the allegations contained in paragraph 60 of Plaintiff's Second Amended Complaint.

61. Zaransky denies the allegations contained in paragraph 61 of Plaintiff's Second Amended Complaint.

62. Zaransky denies the allegations contained in paragraph 62 of Plaintiff's Second Amended Complaint.

63. Zaransky denies the allegations contained in paragraph 63 of Plaintiff's Second Amended Complaint.

64. Zaransky denies the allegations contained in paragraph 64 of Plaintiff's Second Amended Complaint.

65. Zaransky denies the allegations contained in paragraph 65 of Plaintiff's Second Amended Complaint.

66. Zaransky denies the allegations contained in paragraph 66 of Plaintiff's Second Amended Complaint.

67. The allegations contained in paragraph 67 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary. However, to the extent that said allegations are later construed as constituting proper and sufficient factual allegations to which an answer is properly due, Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

68. The allegations contained in paragraph 68 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary. However, to the extent that said allegations are later construed as constituting proper and sufficient factual allegations to which an answer is properly due, Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

69. Zaransky denies the allegations contained in paragraph 69 of Plaintiff's Second Amended Complaint.

70. Zaransky denies the allegations contained in paragraph 70 of Plaintiff's Second Amended Complaint.

71. Zaransky denies the allegations contained in paragraph 71 of Plaintiff's Second Amended Complaint.

72. Zaransky denies the allegations contained in paragraph 72 of Plaintiff's Second Amended Complaint.

73. Zaransky denies the allegations contained in paragraph 73 of Plaintiff's Second Amended Complaint.

74. Zaransky denies the allegations contained in paragraph 74 of Plaintiff's Second Amended Complaint.

75. Zaransky denies the allegations contained in paragraph 75 of Plaintiff's Second Amended Complaint.

76. The allegations contained in paragraph 76 of Plaintiff's Second Amended Complaint constitute legal and factual conclusions and, as such, no response is necessary. However, to the extent that said allegations are later construed as constituting proper and sufficient factual allegations to which an answer is properly due, Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

77. Zaransky lacks the information necessary to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of Plaintiff's Second Amended Complaint and, therefore, neither admits nor denies the allegations contained therein, but demands strict proof thereof.

78. Zaransky denies the allegations contained in paragraph 78 of Plaintiff's Second Amended Complaint.

**WHEREFORE,** the Defendant, **MARK ZARANSKY** (heretofore referred to as "Zaransky"), respectfully requests that this Honorable Court deny the request for judgment in its favor of the Plaintiff, **U.S. BANK, N.A.** (heretofore referred to as "Plaintiff"), for the amount prayed for or any greater or lesser sum, and respectfully prays for judgment in favor of Zaransky as to the Second Amended Complaint as a whole and as to Count IV in particular, and moves this Honorable Court for the award to Zaransky of all of his costs, expenses and attorneys' fees which he has and will incur in the defense of this wrongfully brought action, and for such further and/or alternative relief as this Court deems fair, just and reasonable.

## COUNT V
## (PIERCING THE CORPORATE VEIL - AGAINST FOX AND ZARANSKY)

79. Zaransky incorporates by references its answers to the allegations contained in Paragraphs 1 through 28 and 48 through 78 of Plaintiff's Second Amended Complaint as its answers to the allegations contained in paragraph 79 of Count V, as though fully restated in their entirety herein.

80. Zaransky denies the allegations contained in paragraph 80 of Plaintiff's Second Amended Complaint.

81. Zaransky denies the allegations contained in paragraph 81 of Plaintiff's Second Amended Complaint.

82. Zaransky denies the allegations contained in paragraph 82 of Plaintiff's Second Amended Complaint.

83. Zaransky denies the allegations contained in paragraph 83 of Plaintiff's Second Amended Complaint.

**WHEREFORE,** the Defendant, **MARK ZARANSKY** (heretofore referred to as "Zaransky"), respectfully requests that this Honorable Court deny the request for judgment in its favor of the Plaintiff, **U.S. BANK, N.A.** (heretofore referred to as "Plaintiff"), for the amount prayed for or any greater or lesser sum, and respectfully prays for judgment in favor of Zaransky as to the Second Amended Complaint as a whole and as to Count V in particular, and moves this Honorable Court for the award to Zaransky of all of his costs, expenses and attorneys' fees which he has and will incur in the defense of this wrongfully brought action, and for such further and/or alternative relief as this Court deems fair, just and reasonable.

       Respectfully Submitted on behalf of;

       Defendant, **MARC ZARANSKY**,

       By and through his attorneys,

       PERL & GOODSNYDER, LTD.

       /s/ Christopher M. Goodsnyder
       One of his attorneys

Mr. Allen R. Perl
    Atty. No.: 6191920
Mr. Christopher M. Goodsnyder
    Atty. No.: 6216156
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
312.243.4500 / 312.243.0806 (Fax)
chrisgoodsnyder@sbcglobal.net
allenperl@sbcglobal.net

## CERTIFICATE OF SERVICE

TO: See attached Service List

    I, Christopher M. Goodsnyder, an attorney on oath state, under penalties provided by law state that I caused following documents of the Defendant, **MARC ZARANSKY:**

    **(1)**    **CERTIFICATE OF SERVICE**
    **(2)**    **DEFENDANT MARC ZARANSKY'S ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT**

to be sent to each attorney to whom directed at their respective addresses via:

\_\_\_\_\_ **Via Regular U.S. Mail**, by depositing the same in the U.S. Mail, postage prepaid, in a properly addressed, sealed and secure envelope, at 14 North Peoria Street, Suite 2-C, Chicago, Illinois 60607, before 5:00 P.M. on the **27th** day of **August, 2008.**

\_\_\_\_\_ **Via Telephone Facsimile**, by transmitting a facsimile copy to the telephone numbers listed herein, before 5:00 P.M. on the **27th** day of **August, 2008.**

\_\_\_\_\_ **Via Electronic Mail**, by transmitting a PDF image of said documents to the email addresses listed herein, before 5:00 P.M. on the **27th** day of **August, 2008.**

\_\_\_\_\_ **Via Electronic Mail**, by transmitting a PDF image of said documents through the Court Clerk's ECF electronic filing system, before 11:59 P.M. on the **27th** day of **August, 2008.**

\_\_\_\_\_ **Via Federal Express (Fedex)**, standard priority, overnight delivery, by depositing the same in the Fedex drop box location/shipping center, with shipping charges paid by the sender, in a properly addressed, sealed and secure envelope, at 1 S. Sangamon Street, Chicago, Illinois 60607, before 5:00 P.M. on the **27th** day of **August, 2008.**

                                                Respectfully submitted by his attorneys:

                                                PERL & GOODSNYDER, LTD.

                                                /s/ Christopher M. Goodsnyder
                                                Christopher M. Goodsnyder

PERL & GOODSNYDER, LTD.
Attorneys for Marc Zaransky
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / Fax (312) 243- 0806

## SERVICE LIST

**Attorney for Plaintiff, U.S. BANK, N.A.:**

Mr. Daniel J. Voelker
Mr. Hillard M. Sterling
FREEBORN & PETERS, LLP
331 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 360-6000

**Attorneys for Defendant, MARC ZARANSKY:**

Mr. Allen R. Perl
Mr. Christopher M. Goodsnyder
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / (312) 243-0806

**Attorneys for Defendant, HEIDI ZARANSKY:**

Mr. Allen R. Perl
Mr. Christopher M. Goodsnyder
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / (312) 243-0806


**Attorney for Defendants, SONNY FOX and CAR LEASING, INC.:**

Mr. Harold Moskowitz
Law Offices of Harold Moskowitz
55 West Monroe
Suite 1100
Chicago, Illinois 60603