IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK, N.A., a Delaware corporation and national banking association, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.   08 CV 1822 |
| C.A.R. LEASING, INCORPORATED, an Illinois corporation, | ) ) ) | Judge Kennelly |
| SONNY FOX, an Illinois citizen, MARC ZARANSKY, an Illinois citizen, and HEIDI ZARANSKY, an Illinois citizen | ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) | |

**DEFENDANT HEIDI ZARANSKY'S MOTION TO DISMISS
COUNT IV OF THE PLAINTIFF U.S. BANK'S SECONDED AMENDED COMPLAINT
PURSUANT TO FED. R.CIV. P. 12(b)(6)
<u>FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAYBE GRANTED</u>**

**NOW COMES** the Defendant, **HEIDI ZARANSKY** (hereinafter referred to as "Heidi"), by and through her attorneys, PERL & GOODSNYDER, LTD., and pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) moves this Honorable Court to dismiss Count IV of the Plaintiff, **U.S. BANK, N.A.'S,** a Delaware corporation and national banking association (hereinafter referred to as "Plaintiff") Second Amended Complaint against Heidi as sound count fails to state a claim upon which relief maybe granted in favor of the Plaintiff and against Heidi.  In support thereof, Heidi states as follows:

I.   **PROCEDURAL AND BACKGROUND INFORMATION.**

On March 31, 2008, the Plaintiff filed its Complaint against co-defendants - CAR Leasing, Inc., an Illinois corporation ("CAR Leasing"), Sonny Fox ("Fox") and Marc Zaransky ("Marc"). On April 18, 2008, the Plaintiff filed its Amended Complaint which, essentially, contained the same claims and allegations as the Complaint filed on March 31, 2008, against the above co-defendants. On July 7, 2008, the Plaintiff filed its Second Amended Complaint and, in addition to the allegations against the co-defendants previously stated in its Complaint and Amended Complaint, the Plaintiff added Heidi as a new defendant.

The gist of the Plaintiff's Second Amended Complaint (hereinafter referred to as "Complaint") against the co-defendants, is that the defendants allegedly entered into a "scheme to defraud" the Plaintiff, which extended financing to CAR Leasing, for use in purchasing automobiles for CAR Leasing's customers from various area automobile dealers, by alleging "failing and/or refusing to tender the funds extended by Plaintiff to the third-party dealerships" from which CAR Leasing obtained said vehicles from and, thereby, impaired the Plaintiff's ownership rights, title and interest in said vehicles. (*See* Complaint attached hereto as Exhibit 1 at ¶ 2). Specifically, the Plaintiff complains CAR Leasing entered into a Dealer Agreement ("Agreement") with the Plaintiffs, in which CAR Leasing made certain express warranties to Plaintiff, *to wit*:

   a.   Dealer has caused title to the Contract and the Vehicle, free in either instance of any lien or encumbrance ro claim or defense by the Customer, to be conveyed to U.S. Bank or its designee;

                    *     *     *     *

   q.   As directed by U.S. Bank, Dealer will file an application for title and registration for the Vehicle and submit it to the appropriate governmental agency showing U.S. Bank's interest in the Vehicle on or before twenty (20) days after the Customer receives possession of the Vehicle;

    r.        Dealer will file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to Vehicles subject to Retail Contracts and will send U.S. Bank the filing receipts. (*See* Second Amended Complaint at ¶ 13).

The Plaintiff further alleges that it was CAR Leasing that undertook these warranties and Fox personally guaranteed the payments to the Plaintiff: none of these allegations pertain to or implicate Heidi in any way. (*See* Second Amended Complaint at ¶ 15).

The Plaintiff then attempts to set forth in its Complaint, an alleged fraudulent scheme, that CAR Leasing, Fox and Marc allegedly entered into to defraud the Plaintiff and that they failed and/or refused to tender the funds received from Plaintiff, to third-party dealerships. While the Plaintiff outlines the alleged scheme in great detail, which was allegedly perpetrated by CAR Leasing, Fox and Marc, <u>noticeably absent from the Complaint are any specific allegations against Heidi claiming that she was a participant in the alleged scheme</u>. In fact, a careful review of the eighty-three (83) paragraphs and twenty pages of the Complaint would reveal that Heidi's name appears only once (see Paragraph 72 of Count IV). Even in this single paragraph, the Plaintiff is still relegated to pleading her alleged involvement in the alternative, alleging that Car Leasing sent several checks to the Plaintiff, which were either signed by Marc or Heidi, in purported payment of monthly amounts owed under Car Leasing's customers' contracts. (See Paragraph 72 of Count IV).

The Plaintiff's sole claim against Heidi, is based on nothing more than speculation and unsupported legal conclusions. The Plaintiff fails to allege what damages they sustained by the alleged conduct by "Marc Zaransky and/or Heidi Zaransky" by the their alleged payment of sums due to the Plaintiff. Count IV of the Plaintiff's Complaint fails to plead any facts sufficient to sustain a cause of action for fraud against Heidi. The Plaintiff's unsubstantiated single allegation that Heidi was complicit in the alleged fraudulent scheme is tenuous at best.

The Plaintiff fails to plead facts, which even if taken as true, would establish Heidi's alleged involvement in the alleged fraudulent scheme. Without specific allegations of fraud, the Plaintiff's complaint against Heidi should properly be dismissed pursuant to Federal Rules of Civil Procedure Rule 9(b). Accordingly, for the reasons which follow, Heidi respectfully moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Count IV against Heidi as it fails to state a claim upon which relief may be granted.

## II.     RULE 12(b)(6) STANDARD.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint "attacked by a Rule 12(b)(6) motion to dismiss" must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-1965 (2007); see *Papasan v. Allain,* 478 U.S. 265, 285 (1986). The standard set forth in Rule 12(b)(6) imposes two obstacles for the pleader to overcome, *to wit*: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the. . .claim is and the grounds upon which it rests; and (2) the allegations in the complaint must plausibly suggest that the plaintiff has a right to relief, "raising that possibility above a speculative level" *Id* at 1964-1965. "In determining whether plaintiffs have cleared these hurdles, the court assumes that all the allegations in the complaint are true." *Jennings v. Auto Meter Prods, Inc.,* 495 F.3d 466, 472 (7th Cir. 2007).

**III.    COUNT IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FRAUD AGAINST HEIDI SHOULD BE DISMISSED PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6), AS IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Count IV of the Plaintiff's Complaint is devoid of any specific factual allegations, as required by law, to state a claim upon which relief can be granted against Heidi, and therefore, should be dismissed pursuant to Rule 12(b)(6). The Plaintiff has not, and cannot, plead any facts that demonstrate any wrongdoing and/or knowledge, of the alleged scheme complained of, in its Complaint against Heidi. The Plaintiff's Complaint relies on nothing more than Heidi's signature on a certain checks, that were purportedly written to Plaintiff on behalf of CAR Leasing's customers. (*See* Complaint at ¶ 72). It is quite telling that in a case where the Plaintiff seeks a judgment "in excess of $900,000.00" from Heidi, the wife of an employee of the corporate defendant Car Leasing, that not one of the checks at issue was attached to the Complaint by the Plaintiff.

While the Plaintiff's original Complaint (filed on March 31, 2008) and its Amended Complaint make <u>no reference</u> to any improper conduct or claims against Heidi, in its Second Amended Complaint, the Plaintiff for the first time, in desperation, impermissibly seeks to draw Heidi in as a defendant. The complication for the Plaintiff is that they lack any valid cause of action against Heidi. Even assuming *arguendo* that Heidi did execute some checks tendered by Car Leasing to the Plaintiff, no rule of liberal construction can cure the fact that the Plaintiff's do not and cannot allege any harm proximately caused by the payments. The Plaintiff does not allege the check did not clear or even that they lent any additional sums after the checks were tendered. The Plaintiff fails to even allege they suffered any damages from the alleged fraudulent conduct.

Even with more than $900,000.00 being sought in a judgment against Heidi, the Plaintiff fails to plead the fraud with the requisite degree of particularity required by Fed. R. Civ. P. Rule 9(b) to establish the basis for Heidi's alleged knowledge of the scheme, what acts did she allegedly take in furtherance of the alleged scheme, and how the Plaintiff was harmed financially from her alleged issuances of several checks (which implicitly must have been paid upon presentment), where the unpaid loan balance allegedly due the Plaintiff <u>did not increase</u> (and perhaps may even have decreased), as a result of the tendering of these undefined payments.

"While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, the general rule governing pleadings still requires a showing, rather than a blanket assertion, of entitlement to relief; without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice fo the nature of the claim, but also grounds on which the claim rests." *Bell Atlantic Corp.* at 1965. Notwithstanding the general rule for pleadings set forth in Rule 8(a)(2), certain subjects and claim "raise a high risk of abusive litigation" and, as such, "must state factual allegations with greater particularity than Rule 8 requires." *Bell Atlantic Corp.* at 1973.

    A.    **COUNT IV OF PLAINTIFF'S COMPLAINT FOR FRAUD AGAINST HEIDI FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS IT FAILS TO PLEAD FRAUD AGAINST HEIDI WITH SUFFICIENT PARTICULARITY AS REQUIRED BY RULE 9(b).**

Under the Federal Rules, the Plaintiff's cause of action against Heidi for fraud requires the Plaintiff to plead its claim with particularity. Rule 9(b) of the Federal Rules requires that "an averment of fraud" must be pled with "particularity." " Fed. R. Civ. P. 9(b). "Conclusory allegations do not satisfy the requirements of Rule 9(b) and subject the pleader to dismissal. . ." *Fairmont Homes, Inc. v. Shred Pax Corp.,* 754 F.Supp.665, 667 (N.D. Ind. 1990). (Emphasis added). Specifically, in order to support a claim of fraud, a pleader must set forth the "who, what, where, and when of the alleged fraud," none of these required elements are specifically plead in Paragraph 72 of the Plaintiff's Second Amended Complaint. *Ackerman v. Northwestern Mutual Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999).

Aside from its allegation that Heidi purportedly made monthly payments to the Plaintiff for "amounts owed under Contracts the lessors and/or purchasers of Vehicles," which the Plaintiff paid funds to CAR Leasing, none of the other 83 paragraphs contained in the Plaintiff's Second Amended Complaint even so much as reference Heidi. In fact, Count IV does not even assert that Heidi had any knowledge of the alleged fraudulent scheme, which is an element of fraud that must be alleged under Illinois law. *Hirsch v. Feuer,* 702 N.E.2d 265, 272 (5th Dist. 1998). While the Plaintiff would have this Court believe that Heidi is complicit in the alleged fraud, this conclusory allegation cannot and does not meet the pleading standard espoused in *Bell Atlantic Corp.*, and, indeed, it does not meet the heightened standard for fraud pleadings set forth in Rule 9(b).

In its Second Amended Complaint, the Plaintiff amended Count IV to reflect the alleged fraudulent scheme it complains of against the co-defendants in greater detail. What is especially telling, is that while the Plaintiff alleges what purports to be more specific allegations of the alleged fraud against the other defendants, and specifically addresses each of those defendants by name[1] in pleading these allegations[2] (i.e., CLI, Fox and Marc Zaransky) (*See* Second Amended Complaint at ¶'s 50-55, 60-63), the Plaintiff's only allegation, and sole basis to attach liability to Heidi (for in excess of $900,000.00 in potential liability), is that her signature that may have appeared on an undetermined number of checks, on undetermined dates, pertaining to undetermined Car Leasing customers' accounts, and drawn on undetermined bank account(s).

Clearly, no form of liberal construction of the pleading could cure these foundational deficiencies in the so-called cause of action for "Fraudulent Inducement, Misrepresentations and Concealments (sic) Against All Defendants" asserted by the Plaintiff in Count IV against Heidi. Accordingly, for the reasons stated above, as the allegations against Heidi in Count IV do not plead the "who, what, where, and when of the alleged fraud" as required by *Ackerman* at 469, nor are the allegations of fraud plead with the particularity required by Rule 9(b), the Plaintiff's Complaint should be dismissed with prejudice against Heidi pursuant to Rule 12(b)(6).

---

[1] Heidi, Marc and their counsel do not represent that by making this statement that the Plaintiff's Second Amended Complaint properly pleads a cause of action for fraud under Rule 9(b) and is not ripe for a motion to dismiss with regard to the defendant, Marc Zaransky. Rather, Heidi, Marc and their counsel expressly reserve the right to attack Plaintiff's Second Amended Complaint pursuant to any appropriate remedy available under the Federal Rules.

[2] The Plaintiff goes into detail as to who made alleged false statement(s), to whom said defendant(s) made the alleged false statement(s) to and when said defendant(s) made the alleged false statement(s).

**B.     COUNT IV AGAINST HEIDI SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) AS IT FAILS TO PROPERLY PLEAD THE ELEMENTS OF FRAUDULENT CONCEALMENT AND, AS A RESULT, FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

In the introductory paragraph to the Second Amended Complaint, the Plaintiff defines the term "Defendants" to mean collectively, Car Leasing, Fox, Marc and Heidi. Then, less than artfully the Plaintiff elects when and where to make specific allegations of conduct by one of the Defendants, but in other locations elects to use the much more amorphous term "Defendants," when the Plaintiff lacks the ability to plead the elements of the alleged fraudulent conduct with the requisite particularity required by Rule 9(b). In keeping with this less than precise practice, although the Plaintiff alleges the "Defendants" participated in an allegedly fraudulent scheme, and therefore the "Defendants" should all be found liable for the in excess of $900,000.00 sought, the only conduct which Heidi is alleged to have done (i.e., signing and tendering checks to the Plaintiff) appears exclusively in Paragraph 72 of the Second Amended Complaint.

While the other 77 paragraphs of the total of 78 paragraphs that comprise Count IV allege various conduct by Car Leasing, Fox and Marc, only paragraph 72 alleges any conduct on the part of Heidi. The conduct which she alleges to have done is to send payments (which implicitly were paid on presentment and not returned unpaid), this Honorable Court should ask <u>where is the alleged concealment?</u>

In order to prove fraudulent concealment under Illinois, the plaintiff must prove: (1) the defendant intentionally made a false statement of material fact or failed to disclose a material fact; (2) that the plaintiff had a right to rely on the false statement or omission; (3) that the statement or omission was made for the purpose of inducing reliance thereon; (4) the plaintiff, in fact relied on the statement or omission, and the plaintiff suffered injury as a direct result. *FE Digital Investments Ltd. v. Hale,* 499 F.Supp.2d 1054, 1059 (N.D. Ill. 2007).

The Plaintiff's Second Amended Complaint does nothing more than provide a "formulaic recitation of the elements of a cause of action" for fraudulent concealment against Heidi and, as such, is ripe for dismissal under the Federal Rules pursuant to Rule 12(b)(6). *Bell Atlantic Corp.* at 1964-1965. The Plaintiff makes no allegations in its Second Amended Complaint that Heidi had any knowledge of the alleged scheme and intentionally made a false representation of material fact. Other than the Plaintiff's unintentional or intentional lack of precision in threading the "Defendants" throughout the remaining paragraphs of Count IV, a more considered review of these allegations reveals that the Complaint is devoid of any specific facts to demonstrate any intentional misrepresentation made by Heidi. Furthermore, neither can nor did the Plaintiff sufficiently allege that Heidi made any allegedly false statement of material fact to induce Plaintiff's reliance thereon.

Accordingly, in Count IV of the Second Amended Complaint the Plaintiff clearly fails to allege, let alone to allege with the requisite degree of particularity, that Heidi in allegedly tendering these good checks, intentionally made a false statement of material fact, that the Plaintiff had a right to rely on the specified false statement or omission, that Heidi made these statement for the purpose of inducing the Plaintiff's reliance thereon, and perhaps most telling by its absence, is any allegation that the Plaintiff in fact relied on the statement or omission and suffered an injury (by the receipt of the additional funds and never lent any additional funds) as a direct result of Heidi allegedly tendering these unspecified number and sequencing of payments.

The Plaintiff must allege with particularity specific allegations illustrating Heidi's purported complicity, in order to substantiate its claim for fraud against Heidi. In Count IV of Plaintiff's Second Amended Complaint the Plaintiff fails to meet its pleading burden to establish the elements of fraudulent concealment against Heidi, and no further attempts at re-pleading will allow the Plaintiff to satisfy this burden in light of the Plaintiff's own allegations for the facts and circumstances underlying its relationship with Car Leasing.

Accordingly, for the reasons stated above, Count IV of the Plaintiff's Second Amended Complaint against Heidi should be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**WHEREFORE,** the Defendant, **HEIDI ZARANSKY** (heretofore referred to as "Heidi"), respectfully moves this Honorable Court enter an order striking and dismissing with prejudice Count IV of the Plaintiff's Second Amended Complaint brought the Plaintiff, **U.S. BANK, N.A.** (heretofore referred to as "Plaintiff"), and deny the Plaintiff's request for judgment in its favor of the, for the amount prayed for or any greater or lesser sum, and moves this Honorable Court for the award to Heidi of all of her costs, expenses and attorneys' fees which she has and will incur in the defense of this wrongful brought action, and for such further and/or alternative relief as this Court deems fair, just and reasonable.

                                                  Respectfully submitted on behalf of,

                                                  Defendant, **HEIDI ZARANSKY,**

                                                  By and through her attorneys,

                                                  PERL & GOODSNYDER, LTD.

                                                  /s/ Christopher M. Goodsnyder
                                                  One of its attorneys

Mr. Christopher M. Goodsnyder
Mr. Allen R. Perl
PERL & GOODSNYDER, LTD.
Attorneys for Defendant Heidi Zaransky
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
312-243-4500 / (fax) 312-243-0806
ARDC: 6216156
ARDC: 6191920

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK, N.A., a Delaware corporation and national banking association, ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) ) ) | Case No.   08 CV 1822 |
| C.A.R. LEASING, INCORPORATED, an Illinois corporation, ) ) | Judge Kennelly |
| SONNY FOX, an Illinois citizen, ) | Magistrate Judge Mason |
| MARC ZARANSKY, an Illinois citizen, and HEIDI ZARANSKY, an Illinois citizen, ) ) ) | |
| Defendants. ) | |

### NOTICE OF MOTION

To:   See attached service list.

On the **2nd** day of **September**, at **9:30 A.M.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge **Matthew F. Kennelly**, or any Judge sitting in his/her stead, in the in Room **2103**, Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, 606041, and then and there present and argue **DEFENDANT HEIDI ZARANSKY'S MOTION TO DISMISS COUNT IV OF THE PLAINTIFF U.S. BANK'S SECONDED AMENDED COMPLAINT PURSUANT TO FED. R.CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAYBE GRANTED,** attached hereto.

Respectfully submitted on behalf of,

Defendant, **HEIDI ZARANSKY,**

By and through her attorneys,

PERL & GOODSNYDER, LTD.

/s/ Christopher M. Goodsnyder
One of its attorneys

PERL & GOODSNYDER, LTD.
Attorneys for Defendant Heidi Zaransky
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
312-243-4500 / (fax) 312-243-0806
ARDC: 6216156
ARDC: 6191920

CERTIFICATE OF SERVICE

To: See attached Service List

I, Christopher M. Goodsnyder, an attorney on oath state, under penalties provided by law state that I caused following documents of the Defendant, **HEIDI ZARANSKY:**

**(1)     CERTIFICATE OF SERVICE**
**(2)     DEFENDANT HEIDI ZARANSKY'S RULE 12(b)(6) MOTION TO DISMISS COUNT IV OF THE PLAINTIFF'S SECOND AMENDED COMPLAINT**

to be sent to each attorney to whom directed at their respective addresses via:

_____ **Via Regular U.S. Mail**, by depositing the same in the U.S. Mail, postage prepaid, in a properly addressed, sealed and secure envelope, at 14 North Peoria Street, Suite 2-C, Chicago, Illinois 60607, before 5:00 P.M. on the **28th** day of **August, 2008.**

_____ **Via Telephone Facsimile**, by transmitting a facsimile copy to the telephone numbers listed herein, before 5:00 P.M. on the **28th** day of **August, 2008.**

_____ **Via Electronic Mail**, by transmitting a PDF image of said documents to the email addresses listed herein, before 5:00 P.M. on the **28th** day of **August, 2008.**

__X_ **Via Electronic Mail**, by transmitting a PDF image of said documents through the Court Clerk's ECF electronic filing system, before 6:00 P.M. on the **28th** day of **August, 2008.**

_____ **Via Federal Express (Fedex)**, standard priority, overnight delivery, by depositing the same in the Fedex drop box location/shipping center, with shipping charges paid by the sender, in a properly addressed, sealed and secure envelope, at 1 S. Sangamon Street, Chicago, Illinois 60607, before 5:00 P.M. on the **28th** day of **August, 2008.**

Respectfully submitted by his attorneys:

PERL & GOODSNYDER, LTD.

 /s/ Christopher M. Goodsnyder
Christopher M. Goodsnyder

PERL & GOODSNYDER, LTD.
Attorneys for Heidi Zaransky
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / Fax (312) 243- 0806

## SERVICE LIST

**Presiding Judge:**

Hon. Matthew F. Kennelly
United States District Court
Courtroom 2103 (Chambers 2188)
219 S. Dearborn Street
Chicago, Illinois 6060
(312) 435-5618

**Attorney for Plaintiff, U.S. BANK, N.A.:**

Mr. Daniel J. Voelker
Mr. Hillard M. Sterling
FREEBORN & PETERS, LLP
331 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 360-6000

**Attorneys for Defendant, MARC ZARANSKY:**

Mr. Allen R. Perl
Mr. Christopher M. Goodsnyder
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / (312) 243-0806

**Attorneys for Defendant, HEIDI ZARANSKY:**

Mr. Allen R. Perl
Mr. Christopher M. Goodsnyder
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500 / (312) 243-0806

**Attorney for Defendants, SONNY FOX and CAR LEASING, INC.:**

Mr. Harold Moskowitz
Law Offices of Harold Moskowitz
55 West Monroe
Suite 1100
Chicago, Illinois 60603